**Prakash H. PATEL, et al.**

v.

**SUN REFINING AND MARKETING COMPANY, et al.**

**Civ. A. No. 88–3958.**

United States District Court, E.D. Pennsylvania.

Jan. 12, 1989.

---

---

M. Melvin Shralow, Philadelphia, Pa., for plaintiffs.

Thomas A. Masterson, Jr., Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

FULLAM, Chief Judge.

By Memorandum and Order dated October 14, 1988, I granted defendants' motion for summary judgment, and dismissed this action. I concluded that no violation of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.*, had yet occurred, and that plaintiffs brought this litigation prematurely. In the Memorandum explaining that decision, I incorrectly suggested that an owner-franchisor could, in some circumstances, decline to renew a franchise (as distinguished from terminating an existing franchise) because the premises had been sold in good faith to a third party in the normal course of business, without first affording the franchisee an opportunity to purchase the premises. Defendants' motion for reconsideration has noted the error, and I agree that the motion for reconsideration should be granted in order to correct it.

The franchisor has sold the premises, without first offering plaintiff-franchisees a chance to purchase. On the other hand, the franchisor has also renewed the franchise for three more years; at the present time no one can state with certainty whether plaintiffs will ever face the prospect of nonrenewal.

I continue to reject plaintiffs' argument that the defendant-franchisor violated the

statute by selling the premises without first offering plaintiffs the chance to purchase on the same terms. The argument that "plaintiffs want the property, and they want it now" misapprehends the thrust of the statute: the franchisor is at liberty to sell the premises at any time, to anyone; all the statute says is that such a sale cannot justify non-renewal of the franchise unless the franchisor did allow the franchisee to purchase. Thus, there is no basis for granting plaintiffs any of the relief sought in their Complaint (specific performance of their alleged right of first refusal, or money damages). On the other hand, plaintiffs may be able to re-cast their Complaint as an application for declaratory judgment. Rather than dismiss the action in its entirety, therefore, plaintiffs will be granted leave to file an amended complaint.

### ORDER

AND NOW, this 12th day of January, 1989, it is ORDERED:

1. Plaintiffs' motion for reconsideration of the Memorandum and Order entered October 14, 1988 is GRANTED.

2. The court's Memorandum and Order dated October 14, 1988 is hereby WITHDRAWN, and said Order vacated.

3. Defendants' motion to dismiss plaintiffs' Complaint is GRANTED, with leave to the plaintiffs to file an amended complaint within twenty (20) days.